**HAMILTON SECURITIES ADVISORY SERVICES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 98–169C.

United States Court of Federal Claims.

April 19, 2004.

Claude P. Goddard, Jr., Wickwire Gavin, P.C., Vienna, VA, for Plaintiff.

Jeannine Renee Lesperance, U. S. Department of Justice, Civil Div., Washington, DC, for Defendant.

## FINAL JUDGMENT

BRADEN, Judge.

The court hereby enters this Final Judgment resolving all issues discussed in *Hamilton Securities Advisory Services, Inc. v. United States* ("*Hamilton II*"), 60 Fed.Cl. 144, 2004 WL 583717 (Fed.Cl. March 24, 2004).[1]

On March 9, 1998, Hamilton Securities Advisory Services, Inc. ("Hamilton") filed a complaint for breach of contract, pursuant to the Contact Disputes Act, 28 U.S.C. § 1491(a)(2), in the United States Court of Federal Claims for payment of $1,505,256 regarding two invoices submitted to the Department of Housing and Urban Development ("HUD") under Task Order 1 of the 18505 Contract, prior to HUD's termination for convenience on October 17, 1997. *See* Compl.

1. References to pleadings cited herein are described in greater detail in *Hamilton II,* at 145,

On May 27, 1999, the defendant ("Government") filed an answer and counterclaim. *See* Gov't Answer and Counterclaim. On August 18, 1999, the Government amended the counterclaim to include both breach of contract and negligent misrepresentation claims. *See* Gov't Amend. Counterclaim. On October 21, 2002, the Honorable Lynn J. Bush entered an unpublished opinion and order dismissing the negligent misrepresentation counterclaim. *See Hamilton Securities Advisory Servs., Inc. v. United States* ("*Hamilton I*"), No. 98–169, at 16–29 (Fed.Cl. Oct. 21, 2002).

On October 1, 2003, Hamilton moved for summary judgment "in the form of a declaration that HUD is contractually obligated [under the 18505 Contract and Task Order 1] to Hamilton in the amount of $1,505,256 (plus applicable interest as provided by law) for work Hamilton performed from August 26, 1997 through October 17, 1997." Oct. 1, 2003 Pl. Mot. S.J. at 7–8. On November 3, 2003, the Government filed an opposition to Hamilton's motion for summary judgment, as well as a cross-motion for summary judgment regarding the breach of contract counterclaim as to both the 18161 Contract and 18505 Contract. *See* Nov. 3, 2003 Gov't Mot. S.J.; *see also* Gov't Amend. Counterclaim at ¶ 24. On December 9, 2003, Hamilton filed a reply to the Government's opposition to Hamilton's motion for summary judgment, together with a response to HUD's Motion for Summary Judgment as to its counterclaim. *See* Pl. Opp.

On November 3, 2003, Hamilton also moved for summary judgment on the Government's August 18, 1999 counterclaim. *See* Nov. 3, 2003 Pl. Mot. S.J. On December 9, 2003, the Government filed an opposition to Hamilton's motion for summary judgment on HUD's counterclaim and a response to Hamilton's motion for summary judgment on the Government's counterclaim. *See* Gov't Opp.

On March 24, 2004, the court issued a Memorandum Opinion and Order denying

n.1.

Hamilton's motion for declaratory relief regarding its breach of contract claim because there was no "special need" for resolution of that issue prior to a trial then scheduled to commence on April 14, 2004. *See Hamilton II*, at 156. The court also denied the Government's motion for summary judgment on the counterclaim, as amended, because the court determined that Hamilton did not breach either the 18505 Contract and 18161 Contract when it failed to correctly run the optimization model in the North/Central Sale or the West of Mississippi Sale. *See Hamilton II*, at 156–58. The court invited the Government, however, to amend its counterclaim to allege an action in *quasi-contract* for restitution. *See Hamilton II*, at 158–61.

On March 30, 2004, a status conference was held. The Government advised the court that it declined to amend its counterclaim. Accordingly, the court reaffirms denial of the Government's motion for summary judgment on the Government's May 27, 1999 counterclaim, as amended on August 18, 1999, and dismisses the same. *See Hamilton II*, at 156–61. Accordingly, resolution of Hamilton's October 1, 2003 motion for summary judgment for breach of the 18505 Contract is now ripe.

HUD terminated the 18505 Contract for the convenience of the Government on October 17, 1997. *See* Jt. Stip. at ¶ 59. The Contracting Officer ["CO"] withheld outstanding payments to Hamilton, at that time, totaling $1,505,256. *See* Jt. Stip. at ¶ 61. By letter dated December 10, 1997, Hamilton submitted to the CO its certified claim in the amount of $1,505,256 plus interest. *See* Jt. Stip. at ¶ 63. Hamilton's claim effectively was denied when the CO failed to rule on it within the requisite time period. *See Hamilton II*, at 154. Therefore, the court has jurisdiction over Hamilton's claim for breach of the 18505 Contract.

On August 12, 1999, the parties stipulated to the fact of their contractual relationship. *See* Joint Stipulation of Facts ("Jt.Stip.") at ¶¶ 2–9, 30–31, 33. In addition, the parties agree that, under the 18505 Contract, Hamilton submitted monthly invoices to HUD in the amount of $868,417 and HUD paid Hamilton's invoices in full for the period of April 26, 1996 through August 25, 1997. *See* Jt. Stip. at ¶¶ 33, 57–58. On September 26, 1997, Hamilton submitted an invoice to HUD in the amount of $868,417 for work performed during the period between August 26, 1997 and September 25, 1997. *See* Compl. at ¶ 10 and Gov't Answer at ¶ 10. On October 23, 1997, Hamilton submitted an invoice to HUD in the amount of $636,839 for work performed during the period between September 26, 1997 and October 17, 1997. *See* Compl. at ¶ 11 and Gov't Answer at ¶ 11. HUD refused to pay these invoices claiming a setoff. *See* Gov't Answer at ¶ 11. HUD, however, has conceded that "were it not for whatever right HUD has to withhold funds for setoff or recoupment based upon HUD's claims against Hamilton, $1,505,256 would otherwise be due Hamilton up through the date of the termination of the 18505 Contract." *See* Jt. Stip. at ¶ 65.

In light of the court's prior determination that neither the 18505 Contract nor Task Order 1 required Hamilton to run an optimization model utilizing "bid floors" to yield HUD "maximum sales proceeds" on the North/Central Sale, the court finds that HUD breached the 18505 Contract in failing to promptly pay Hamilton for work performed under the 18505 Contract. *See Hamilton II*, at 158–59; *see also* Nov. 3, 2003 Gov't Appendix at 176–77 (18505 Contract incorporating FAR § 2452.232–70).

Accordingly, the court enters judgment for Hamilton and against the United States in the amount of $1,505,256, plus any interest according to law. Each side shall bear its own costs.

The Clerk of Court will enter a Final Judgment.

**IT IS SO ORDERED.**